**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FABIAN RIGNACK MAYAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1762-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Fabian Rignack Mayan, a citizen of Cuba proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 10),

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 2).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Respondents timely filed a Response, (Doc. 13), and Petitioner filed a Reply, (Doc. 15). As fully set forth below, the undersigned recommends that the Petition be **GRANTED in part**. Petitioner is entitled to a bond hearing.

## I. Factual Background

Petitioner is a native and citizen of Cuba. (Doc. 1, at 2). On or about October 8, 2023, Petitioner arrived at the Brownsville, Texas, port of entry and applied for admission into the United States. (*Id.*) Petitioner was issued a Notice to Appear stating that he was an arriving alien and charging him with not being in possession of entry documents required by statute or regulation. (*Id.* at Ex. 6, at 3). He was also issued an I-94, (*id.* at 2), and granted humanitarian parole into the United States under 8 U.S.C. § 1182(d)(5)(A) with an "admit until date" of October 8, 2025. (*Id.*; Doc. 1, at 5). On May 21, 2026, Petitioner was pulled over for driving southbound in a northbound lane. (Doc. 13, at Ex. 4, at 2). Petitioner told the officer he did not speak English and did not have a driver's license, and Petitioner showed the officer a Cuban passport. (*Id.*) A deportation officer authorized Petitioner's arrest, and he was transported to the Tulsa County Jail. (*Id.*) On May 25, 2026, Petitioner was transferred to ICE custody. (*Id.*) Petitioner has no criminal history. (*Id.* at 3). Petitioner has not received a bond hearing. (Doc. 1, at 6).

## II. Petitioner's Claims and Respondents' Responses

Petitioner argues that (1) his "continued detention without a meaningful individualized bond hearing violates the Due Process Clause of the Fifth Amendment" and (2) his "continued detention is not reasonably related to a legitimate immigration purpose."

(Doc. 1, at 6). Petitioner seeks his immediate release, or, alternatively, a bond hearing. (*Id*. at 8).

Respondents contend that Petitioner is properly detained under 8 U.S.C. § 1225(b)(1) and that he is subject to its mandatory detention procedures. (Doc. 13, at 4-5). Respondents argue that, under 8 C.F.R. § 212.5(e)(2), non-citizens revert to their prior status when their parole is terminated, which makes them "arriving aliens" subject to mandatory detention under § 1225(b)(1).[4] (*Id.* at 5-6). Additionally, Respondents contend that Petitioner's due process rights have not been violated because mandatory detention is permissible under *Demore v. Kim*, 538 U.S. 510 (2003), and because Petitioner fails to meet the shocks-the-conscience standard under *Maehr v. United States Dep't of State*, 5 F.4th 1100 (10th Cir. 2021). (*Id.* at 7-10).

In reply, Petitioner contests Respondents' argument that he is detained under § 1225(b), stating, "courts in this circuit [have] disagreed." (Doc. 15, at 3). Petitioner instead asserts he is detained under § 1226(a), and, therefore, is entitled to a bond hearing. (*Id.* at 5, 7).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §

---

[4] Respondents seek to limit the Court's analysis to Petitioner's constitutional claims because Petitioner did not specifically plead the violation of any statute. (Doc. 13, at 3-4, n.3). However, as Respondents point out, "a discussion of the statutory scheme governing his detention is important for understanding Petitioner's claimed due process rights." (*Id.* at 4).

2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Petitioner's Instant Detention Is Governed by § 1226(a), and He Is Entitled to a Bond Hearing.

The majority of the District Judges in this Court have "rejected Respondent's argument that the termination of a noncitizen's humanitarian parole automatically reverts his status to that of an 'arriving' noncitizen subject to mandatory detention under § 1225(b)[1]" and have instead found "[w]here, as here, Petitioner was paroled into the United States, permitted to reside in the country for several years, and his current detention is not part of the inspection process or attempted entry, Petitioner's detention is more naturally characterized as detention pending a decision on whether the alien is to be removed from the United States within the meaning of § 1226(a)." *Romero Lopez v. Warden/Adm'r, Diamondback Corr. Facility*, No. CIV-26-1090-R, 2026 WL 2643713, at *1 (W.D. Okla. Sep. 8, 2026) (citation modified) (collecting cases). *See also Bello Rodriguez v. Diamondback Installation Dir.*, No. CIV-26-1188-D, 2026 WL 2364679, at *1 (W.D. Okla. Aug. 14, 2026) (finding that "[t]he Court has previously found that § 1225(b)(1) doesn't apply in circumstances where the noncitizen has resided in the United States for several years before their parole under § 1182(d)(5) is revoked" and granting a bond hearing under § 1226(a)) (citation modified) (collecting cases); *Arevalo Castillo v. Figueroa*, No. CIV-26-162-HE, ECF No. 16 (W.D. Okla. July 7, 2026) (finding a petitioner whose humanitarian parole was terminated is entitled to an individualized bond hearing);

*Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *1-2 (W.D. Okla. July 1, 2026) (rejecting "theory that Petitioner retains his status as an 'arriving' noncitizen subject to mandatory detention under § 1225(b)(1) irrespective of the fact that Petitioner was released and allowed to live in the country for several years" where the petitioner may have been "paroled under 8 U.S.C. § 1182(d)(5)(A)"); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *2-3 (W.D. Okla. June 29, 2026) (finding "that Petitioner's termination of humanitarian parole did not automatically return him to mandatory detention under § 1225(b)(1)" and that "Petitioner's present detention is governed by § 1226(a)"); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) ("[R]evocation of parole under § 1182(d)(5) does not render a noncitizen in Petitioner's circumstances subject to detention under § 1225(b)(1)."); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (rejecting theory that the termination of petitioner's parole reverted his status to an ordinary applicant for admission); *Kudusov v. Grant*, No. CIV-26-132-HE, ECF No. 13, at *3-4 (W.D. Okla. Mar. 11, 2026) (finding "'noncitizens who remain in the United States after their [humanitarian] parole ended are not arriving aliens'" and "conclud[ing] that § 1226(a) governs petitioner's detention, and thus, he is entitled to an individualized bond hearing").

In light of the persuasive reasoning from Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Russell, and Judge Heaton, the undersigned recommends finding Petitioner – who was released on humanitarian parole after arriving at a port of entry and later detained within the United States after living here for over two years – is detained under 8 U.S.C. § 1226(a). Individuals detained under § 1226(a) are entitled to a bond hearing. § 1226(a)(2).

*See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)."). Because Petitioner is subject to § 1226(a) and has not received a bond hearing, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). While Petitioner seeks immediate release, a bond hearing is the appropriate remedy. *Santillan Quiroz*, 180 F.4th at 1251 n.13.[5]

Because the undersigned recommends granting habeas relief on the basis of a violation of the INA, it is unnecessary to address Petitioner's due process or other claims, particularly as it would result in the same relief. *See, e.g., Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226 — namely, an individualized bond hearing before an IJ.").

---

[5] Under current BIA precedent, the non-citizen bears the burden of proving lack of dangerousness or flight risk at a § 1226(a) bond hearing. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 27 (1st Cir. 2021). Judges in this District have either declined to decide whether due process requires shifting the burden to the government, *see Velazquez v. Johnson*, No. CIV-26-1111-J, 2026 WL 1999247, at *1 (W.D. Okla. July 10, 2026); *Karimov v. Grant*, No. CIV-26-639-J, 2026 WL 1493969, at *1 (W.D. Okla. May 28, 2026); *Rangel v. Mullin*, No. CIV-26-568-D, *Singh v. Figueroa*, No. CIV-26-600-R, or concluded that it does not. *See Adediran v. Figueroa*, No. CIV-26-801-J, *Pupo Socarras v. Figueroa*, No. CIV-26-0571-HE, 2026 WL 2100499, at *1 (W.D. Okla. July 21, 2026); *Toro v. Mullin*, CIV-26-315-JD, Doc. 19, at 18 (W.D. Okla. May 12, 2026).

## V. Recommendation and Notice of Right to Object

For the reasons discussed above, the undersigned recommends that the Petition, (Doc. 1), be **GRANTED in part**. The undersigned recommends that the Court order Respondents to provide Petitioner an individualized bond hearing before a neutral immigration judge within 7 days of the judgment in this matter, or else release him from custody.

**The Court advises the parties of their right to object to this Report and Recommendation by September 30, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[6] The Court advises the parties that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[6] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

**ENTERED** this 23rd day of September, 2026.

Amanda L. Maxfield
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE