**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FABIAN RIGNACK MAYAN,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1762-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Petitioner, a noncitizen proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Amanda L. Maxfield [Doc. No. 16] recommending that the Petition be granted in part and Respondents directed to provide Petitioner with a bond hearing. Respondents filed an Objection [Doc. No. 20], which requires de novo review of those portions of the Report to which a specific objection is made.

Respondents raise two objections to the Report. First, they argue the Report improperly found in favor of Petitioner on a statutory claim that was not asserted in the Petition. Petitioner is proceeding pro se and, although the Court does not act as his advocate, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority [or] his confusion of various legal theories[.]" *Id.* Liberally construed, the Petition can be read to encompass a challenge to the statutory basis for his detention. Moreover, the statute that governs Petitioner's detention is plainly relevant to his argument that his continued detention is unlawful.

Second, Respondents assert the Report improperly concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a). Respondents argue that 8 U.S.C. § 1225(b)(1), which provides for expedited removal and mandatory detention of noncitizens in certain situations, governs Petitioner's detention and the parole of an arriving noncitizen and subsequent residence in the United States cannot change the noncitizen's status. This Court has previously rejected the argument that the termination of a noncitizen's humanitarian parole automatically reverts his status to that of an "arriving" noncitizen subject to mandatory detention under § 1225(b)(1). *See Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026). Although courts have differed on this issue, this conclusion is consistent with the weight of authority within this judicial district. *See Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *Drozdov v. Lyons,* No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026); *Arevalo Castillo v. Figueroa*, No. CIV-26-0162-HE, 2026 WL 1960937, at *1 (W.D. Okla. June 7, 2026); *Bello Rodriguez v. Diamondback Installation*, No. CIV-26-1188-D, 2026 WL 2364679, at *2 (W.D. Okla. Aug. 14, 2026); *but see Kvaratskhelia v. Blanche*, CIV-26-1673-JD (W.D. Okla. Sept. 29, 2026).

Accordingly, the Report and Recommendation [Doc. No. 16] is ADOPTED and, for the reasons stated therein, the Petition for Writ of Habeas Corpus is GRANTED in part.

Respondents are directed to provide Petitioner with a bond hearing before a neutral Immigration Judge within seven days or release Petitioner. Respondents shall certify compliance with this order.

IT IS SO ORDERED this 6th day of October, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**